JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LISA ABRAHAM

## DEFENDANTS
BERKS LEISURE LIVING, INC.

**(b)** County of Residence of First Listed Plaintiff: Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Berks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SIDNEY L. GOLD, ESQUIRE/ SIDNEY L. GOLD & ASSOC., P.C.
1835 MARKET ST., STE 515, PHILA., PA 19103
TELEPHONE (215) 569-1999  sgold@discrimlaw.net

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | x 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 1981 (a)
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000 in excess
CHECK YES only if demanded in complaint:
JURY DEMAND: x Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: August 25, 2014
SIGNATURE OF ATTORNEY OF RECORD
/s/Sidney L. Gold, Esquire   X

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 31 Clay Valley Road, Fleetwood, Pennsylvania 19522

Address of Defendant: 1399 Fairview Drive, Leesport, Pennsylvania 19533

Place of Accident, Incident or Transaction: 1399 Fairview Drive, Leesport, Pennsylvania 19533
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No **X**

Does this case involve multidistrict litigation possibilities?    Yes ☐    No **X**

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No **X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No **X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐    No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, **Sidney L. Gold, Esquire**, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE: August 25, 2014    /s/Sidney L. Gold, Esquire    21374
                          Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: August 25, 2015    /s/ Sidney L. Gold, Esquire    21374
                          Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 31 Clay Valley Road, Fleetwood, Pennsylvania 19522

Address of Defendant: 1399 Fairview Drive, Leesport, Pennsylvania 19533

Place of Accident, Incident or Transaction: 1399 Fairview Drive, Leesport, Pennsylvania 19533
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No **X**

Does this case involve multidistrict litigation possibilities?  Yes☐  No **X**

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

**Sidney L. Gold, Esquire**
I, _____, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE: August 25, 2014      /s/Sidney L. Gold, Esquire      21374
                           Attorney-at-Law                 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: August 25, 2015      /s/ Sidney L. Gold, Esquire     21374
                           Attorney-at-Law                 Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| LISA ABRAHAM | : | CIVIL ACTION |
| v. | : | |
| BERKS LEISURE LIVING, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

August 25, 2014                                                        /s/Sidney L. Gold, Esquire

**Date**          **Attorney-at-law**          **Attorney for Plaintiff**

215.569.1999

                  215.569.3870                      sgold@discrimlaw.net

**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA ABRAHAM,<br>    *Plaintiff*, | CIVIL ACTION NO.: |
| v. | |
| BERKS LEISURE LIVING, INC.,<br>    *Defendant*. | **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

### I.   PRELIMINARY STATEMENT

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Lisa Abraham ("Plaintiff Abraham"), a former employee of Defendant, Berks Leisure Living, Inc. ("Defendant"), who has been harmed by the Defendant's discriminatory actions, ultimately resulting in the termination of her employment.

2. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII"), the Equal Pay Act of 1963, 21 U.S.C. §201 ("EPA"), the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA"), and the Americans with Disabilities Act, 42 U.S.C. § 12111 ("ADA").

### II.   JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the claims are substantively based on the Title VII, the EPA, and the ADA. The

supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Abraham's claims arising under the PHRA.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Abraham's claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On June 26, 2014 a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Abraham has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III. PARTIES

7. Plaintiff, Lisa Abraham ("Plaintiff Abraham"), is a citizen of the Commonwealth of Pennsylvania, residing therein at 31 Clay Valley Road, Fleetwood, Pennsylvania 19522.

8. Defendant, Berks Leisure Living, Inc. ("Defendant"), is a corporation duly organized and existing under the Commonwealth of Pennsylvania, maintaining a place of business located at 1399 Fairview Drive, Leesport, Pennsylvania 19533.

9. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment,

and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII, the ADA, the EPA, and the PHRA and has been, and is, subject to the provisions of each said Act.

## IV. STATEMENT OF FACTS

11. Plaintiff Abraham was employed by the Defendant from in or about October of 2010 until on or about December 31, 2012, the date of her unlawful termination.

12. During the course of her employment with the Defendant, Plaintiff Abraham held the positions of Cook and Dietary Manager and at all times performed her job duties in an excellent manner.

13. Plaintiff Abraham suffers from Rheumatoid Arthritis and Fibromyalgia. Said medical conditions are disabilities within the meaning of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that they substantially impair one or more of the Plaintiff's major life activities, including, but not limited to sitting, climbing, lifting, stooping, and running.

14. At all times relevant hereto, the Defendant was aware of the Plaintiff's disabilities.

15. Throughout the course of her employment, the Defendant subjected the Plaintiff to discrimination on the basis of her sex and disabilities, as aforesaid.

16. By way of example, throughout in or about the spring and summer of 2012,

3

Lee Moyer ("Moyer"), Cook, demonstrated his animosity towards female individuals by approaching numerous employees, including, but not limited to, Darlene Valentine ("Valentine"), Kitchen Assistant, and Jeffrey Miller ("J. Miller"), Cook (male), and referring to the Plaintiff as a "stupid fucking bitch."

17. As further evidence of Moyer's discriminatory animus, he informed other employees of the Defendant, including, but not limited to, Valentine, that "women are idiots."

18. As a result of Moyer's blatant discriminatory animus, the Plaintiff, on multiple occasions, registered complaints of sex discrimination with Ray Miller ("Miller"), Owner. However, Miller habitually refused to take any action to cause the discriminatory conduct to cease.

19. In or about July of 2012, J. Miller informed the Plaintiff that Moyer had recently threatened to "cut [the Plaintiff's] throat." Fearing for her safety, the Plaintiff immediately notified Miller of the same. Astonishingly, rather than take any corrective action, Miller also threatened the Plaintiff, warning, "[i]f you make problems, you're going to have problems."

20. Shortly thereafter, in or about August of 2012, while parked at the Defendant's facility, the Plaintiff's tire on her automobile was slashed. In an effort to prevent a similar event from occurring again, the Plaintiff began parking her vehicle in the Defendant's back parking lot. Soon after, however, the Defendant informed the Plaintiff

4

that its employees were strictly prohibited from parking in the said lot. Curiously, despite this assertion, the Defendant subsequently permitted other similarly situated male and non-disabled employees to park in the said lot.

21. As further evidence of the Defendant's penchant for discrimination, the Defendant permitted male employees, including but not limited to, Chris Gust ("Gust"), Evening Cook, to dress casually while at work. Curiously, however, similarly situated female employees, including, but not limited to, the Plaintiff, were required to wear proper business attire at all times.

22. Similarly, the Defendant permitted male employees, including, but not limited to, Moyer, to use the Defendant's office printer for work related items. Yet, similarly situated female employees, including, but not limited to, the Plaintiff, were required to print work related items from home printers.

23. On or about September 6, 2012, Miller requested that the Plaintiff lift fifty (50) pounds of food, despite the fact that this was not part of her ordinary job duties. Plaintiff informed Miller that her disability precluded her from lifting fifty (50) pounds and requested that Miller not require her to lift the said weight. Said inquiry accordingly constituted a reasonable request for accommodation. Rather than engage the Plaintiff in the interactive process, however, the Defendant demoted the Plaintiff to the position of Cook.

24. Furthermore, at that time, Miller promoted Moyer to the position of Dietary Manager, informing the Plaintiff that if she did not comply in giving away her job

Case 5:14-cv-04937-LS Document 1 Filed 08/25/14 Page 10 of 18


responsibilities to Moyer, she would be "fired."

25.  Plaintiff believes and avers that the Defendant's actions were based on the Plaintiff's sex, actual and/or perceived disabilities and/or record of impairment, and in retaliation for her stated opposition to unlawful discrimination in the workplace and her request for a reasonable accommodation in connection with her disabilities.

26.  In connection with the Defendant's unlawful behavior, on or about September 7, 2012, the Plaintiff contacted both the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission in order to inquire about filing a charge of discrimination against the Defendant. She immediately notified the Defendant of the same.

27.  Nevertheless, the Defendant refused to cease its unlawful behavior and continued to act in a discriminatory and retaliatory manner towards the Plaintiff.

28.  By way of example, on or about September 8, 2012, Bob Hickey ("Hickey"), Maintenance, informed the Plaintiff that the Defendant had prohibited both its employees and patients from interacting with the Plaintiff in a social manner.

30.  By way of further example, on or about September 17, 2012, Miller again maliciously demanded that the Plaintiff lift a fifty (50) pound case of food. For the second time, the Plaintiff informed him that her disabilities precluded her from doing so. Nevertheless, Miller refused to grant the Plaintiff her requested accommodation, failed to engage the Plaintiff in any interactive process and instead suspended the Plaintiff's employment for one (1) day.

31. As further retaliation for her complaints of unlawful discrimination in the workplace, on or about October 6, 2012, the Defendant mandated that the Plaintiff work six (6) consecutive days, solely in an effort to accommodate Moyer, who needed time off from the Defendant to enable him to work a second job. Plaintiff was never previously required to do the same. Plaintiff informed the Defendant that, as a result of her disabilities, it would be not possible for her to do the same for medical reasons. Nevertheless, the Defendant flatly refused to grant the Plaintiff her requested accommodation, failed to engage the Plaintiff in any interactive process and instead mandated that she work for the said six (6) consecutive days.

32. Furthermore, on a regular basis, the Defendant made it difficult for the Plaintiff to perform her job duties by deliberately providing the Plaintiff with an insufficient amount of food to prepare meals. By way of example, on or about October 17, 2012, the Defendant merely provided the Plaintiff with a 7.65 pound bone-in-ham despite the fact that she was required to prepare food for fifty (50) patients, which would actually require a substantially greater amount of food.

33. On or about September 19, 2012, the Defendant issued the Plaintiff a written warning for allegedly signing her time card, after initially forgetting to punch the time clock at the time of her arrival, without the verification of another employee. Notably, the Defendant created this rule on the said date, and therefore the Plaintiff lacked any knowledge of its existence.

34. Subsequently, on or about November 5, 2012, the Defendant issued to the

7

Plaintiff another unjustified written warning.

35. Conversely, the Defendant demonstrated an unwillingness to discipline non-disabled, male employees despite their egregious conduct. By way of example, in or about early 2012, Kyle Schmehl ("Schmehl") (male), Kitchen Assistant, was caught attempting to surreptitiously enter Miller's apartment, which is located in the basement of Defendant's facility. Rather than discipline Schmehl, however, Miller simply informed the Plaintiff that "boys will be boys."

36. As a result of the Defendant's continued and persistent discriminatory behavior and the Defendant's refusal to cause the discriminatory conduct to cease, the Plaintiff retained the law firm of Sidney L. Gold & Associates, P.C. to pursue legal claims based on the aforesaid conduct.

37. On or about November 19, 2012, Plaintiff's Counsel notified the Defendant via letter that it had undertaken representation of the Plaintiff and included a draft EEOC Charge specifying Plaintiff's claims, as set forth herein. Instead of taking corrective action, however, the Defendant continued to act in a discriminatory and retaliatory manner.

38. Further, in or about late November of 2012, the Plaintiff learned that Defendant was compensating her at a lower wage than similarly-situated, less qualified, less experienced male employees performing the same job duties.

39. By way of elaboration, the Plaintiff learned that the Defendant compensated J. Miller, Cook, at a rate of $10.65 per hour. Notably, notwithstanding the fact that the

Plaintiff has significantly more experience than J. Miller, the Defendant compensates the Plaintiff at a rate of $10.50 per hour for performing the same work. Upon information and belief, Chris LNU ("Chris LNU"), Cook (male), was also compensated at a higher rate than Complainant for the same work, despite that Chris LNU is less qualified.

40. Furthermore, in or about December of 2012, despite the Plaintiff's superior qualifications and experience, the Defendant chose Gust, a non-disabled male, to assume Moyer's job duties and promoted him to the position of acting Dietary Manager while Moyer was absent for a period of time.

41. Subsequently, on or about December 31, 2012, the Defendant abruptly terminated the Plaintiff's employment and failed to articulate any reason for the same.

42. Plaintiff believes and avers that the Defendant actually terminated her employment because of her sex (female), actual and/or perceived disabilities and/or record of impairment (Rheumatoid Arthritis, Fibromyalgia), in retaliation of her stated opposition to the Defendant's sex discrimination, and in retaliation for her requests for reasonable accommodation in connection with her disabilities.

## COUNT I
### (Title VII - Sex Discrimination and Retaliation)
### Plaintiff Abraham v. the Defendant

43. Plaintiff Abraham incorporates by reference paragraphs 1 through 42 of her Complaint as though fully set forth herein.

44. The actions of Defendant, through its agents, servants and employees, in

terminating Plaintiff Abraham's position of employment based upon her sex (female) and/or in retaliation for registering her opposition to unlawful sex discrimination constituted a violation of Title VII.

45. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff has suffered permanent and irreparable harm causing her to sustain emotional distress, humiliation, embarrassment, loss of self-esteem, a loss of earnings, plus loss of back pay and front pay and interest due thereon.

## COUNT II
### (ADA - Disability Discrimination and Retaliation)
### Plaintiff Abraham v. the Defendant

46. Plaintiff Abraham incorporates by reference paragraphs 1 through 45 of her Complaint as though fully set forth herein.

47. The actions of Defendant, through its agents, servants and employees, in terminating Plaintiff Abraham's position of employment based upon her actual and/or perceived disability and/or record of impairment (Rheumatoid Arthritis, Fibromyalgia) and in failing to engage in the interactive process and in retaliation for registering complaints of unlawful disability discrimination, constituted a violation of the ADA.

48. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant in violation of the ADA, Plaintiff has suffered permanent and irreparable harm causing her to sustain emotional distress,

humiliation, embarrassment, loss of self-esteem, a loss of earnings, plus loss of back pay and front pay and interest due thereon.

## COUNT III
### (PHRA - Disability Discrimination, Sex Discrimination, Retaliation)
### Plaintiff Abraham v. the Defendant

49. Plaintiff Abraham incorporates by reference paragraphs 1 through 48 of her Complaint as though fully set forth herein.

50. The actions of Defendant, through its agents, servants and employees, in terminating Plaintiff Abraham's position of employment based upon her actual and/or perceived disability and/or record of impairment (Rheumatoid Arthritis, Fibromyalgia), sex (female), in retaliation for reporting unlawful workplace discrimination, and in failing to engage in the interactive process, constituted a violation of the PHRA.

51. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant in violation of the PHRA, Plaintiff has suffered permanent and irreparable harm causing her to sustain emotional distress, humiliation, embarrassment, loss of self-esteem, a loss of earnings, plus loss of back pay and front pay and interest due thereon.

## COUNT IV
### (EPA-Sex Discrimination)
### Plaintiff Abraham v. the Defendant

52. Plaintiff Abraham incorporates by reference paragraphs 1 through 51 of her Complaint as though fully set forth herein.

53. The actions of Defendant, through its agents, servants and employees, in compensating the Plaintiff less than a similarly situated, less qualified male employee holding identical job title and job responsibilities, constituted a violation of the EPA.

54. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the EPA, Plaintiff has suffered permanent and irreparable harm causing her to sustain loss of back pay and interest due thereon.

## PRAYER FOR RELIEF

55. Plaintiff Abraham incorporates by reference paragraphs 1 through 54 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Abraham requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff Abraham for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff Abraham with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Abraham punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Abraham, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.  The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Abraham demands a trial by jury.

        SIDNEY L. GOLD & ASSOC. P.C.

By: */s/Sidney L. Gold, Esquire*
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
1835 Market Street - Suite 515
Philadelphia, PA 19103
(215) 569-1999
Attorneys for Plaintiff

DATED: August 25, 2014

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 5/12/14

**LISA ABRAHAM, PLAINTIFF**